**DELANEY, MIGDAIL & YOUNG, CHARTERED, Appellant**

v.

**INTERNAL REVENUE SERVICE.**

No. 86–5068.

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 6, 1986.
Decided Aug. 21, 1987.

John Hardin Young, with whom Richard L. Ross, Washington, D.C., was on brief, for appellant.

Mary Francis Clark, Atty., Dept. of Justice, with whom Roger M. Olsen, Asst. Atty. Gen. and Michael L. Paup, Atty., Dept. of Justice, Washington, D.C., were on brief, for appellee.

Before WALD, Chief Judge, WILLIAMS, Circuit Judge, . and WILL,[*] Senior District Judge.

Opinion for the Court filed by Circuit Judge WILLIAMS.

WILLIAMS, Circuit Judge:

This case presents issues concerning the scope and application of the attorney work product privilege under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982 & Supp. III 1985).

The Internal Revenue Service ("IRS") has adopted a system of statistical sampling to audit large accounts. From the audit of a portion of the items in an account balance or in a class of transactions, the IRS infers conclusions as to the entire

---

[*] Of the United States District Court for the Northern District of Illinois, sitting by designation pursuant to 28 U.S.C. § 294(d).

balance or class. Before adopting the program, it had its attorneys prepare two memoranda analyzing the legal ramifications of the system. Relying at least partially on these memoranda, it concluded that statistical sampling presented an acceptable legal risk and authorized the program. The IRS made the decision public in § 42(18)1 of its Internal Revenue Audit Manual, stating: "The Office of the Chief Counsel and the Department of Justice have jointly analyzed the legal ramifications of [the statistical sampling program] and have concluded that substantial authority exists for [such program]."

Plaintiff, a law firm with an active tax practice, filed a FOIA request for production of all memoranda and supporting documents relating to the government's legal analysis of the program. The IRS responded by declaring all of the requested materials privileged from disclosure under 5 U.S.C. § 552(b). Plaintiff filed an administrative appeal contesting the claim of privilege, and, after the IRS failed to act on the appeal for four months, initiated this action in the District Court.

While plaintiff's motion for summary judgment was pending, the IRS produced sanitized versions of the two memoranda.[1] In its letter to plaintiff releasing these documents, the IRS expressly waived any claim of attorney-client or deliberative process privilege, but asserted the attorney work product privilege with respect to the excisions.[2] Plaintiff pressed for disclosure of the withheld material, but the District Court entered summary judgment in favor of the IRS.

Plaintiff now asserts that the District Court (1) erred in regarding the excisions as attorney work product and (2) lacked the

information minimally necessary to evaluate the IRS's claim of privilege.

I. Work Product: the Requirement of Preparation in Anticipation of Litigation

■ FOIA excepts from the general rule of disclosure memoranda "which would not be available by law to a party ... in litigation with the agency." 5 U.S.C. § 552(b)(5) (1982). This exemption encompasses the attorney work-product rule. *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 20, 103 S.Ct. 2209, 2210, 76 L.Ed.2d 387 (1983). *See also Martin v. Office of Special Counsel, MSPB*, 819 F.2d 1181, 1186 (D.C.Cir.1987) (Exemption 5 encompasses all materials not normally discoverable in civil discovery).

The work product privilege enables a lawyer to develop his mental impressions and legal theories without fear of having his adversaries rummage through them at leisure. See *Hickman v. Taylor*, 329 U.S. 495, 510–11, 67 S.Ct. 385, 393, 91 L.Ed. 451 (1947). The privilege is, however, limited to documents prepared in anticipation of litigation. *See* Fed.R.Civ.P. 26(b)(3); *Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 864 (D.C.Cir.1980) (quoting *Jordan v. United States Department of Justice*, 591 F.2d 753, 775 (D.C.Cir. 1978) (en banc)).

Though not seriously contesting the proposition that the memoranda in question were prepared in anticipation of litigation in the normal sense of the phrase, plaintiff rests its case on our observation in *Coastal States* that this prerequisite is not met unless the agency established "that a spe-

---

1. The excised material amounted to approximately two pages.

2. Plaintiff suggests that the reference to the memoranda in the Audit Manual's statement necessarily took them out from Exemption 5. Appellant's Brief at 3, citing *National Labor Relations Board v. Sears, Roebuck & Co.*, 421 U.S. 132, 161, 95 S.Ct. 1504, 1521–22, 44 L.Ed.2d 29 (1975) (where an agency "chooses *expressly* to adopt or incorporate by reference an intra-agency memorandum ... in what would otherwise be a final opinion," Exemption 5 is not avail-

able) (emphasis in original). It is clear, however, that the IRS's reference to the legal memoranda in the Audit Manual did not waive the work product exemption, even though that exemption is an aspect of Exemption 5. *Cf. Sears*, 421 U.S. at 160, 95 S.Ct. at 1521; *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 360–61 n. 23, 99 S.Ct. 2800, 2812 n. 23, 61 L.Ed.2d 587 (1979). We need not address whether the reference took the memos out of the deliberative process exemption, for defendant expressly waived it.

cific claim had arisen, was disputed ..., and was being discussed in the memorandum." 617 F.2d at 866. While the observation was completely appropriate in the context of *Coastal States,* we think it clear that the court there did not intend to lay down the blanket rule that plaintiff now asserts.

The court in *Coastal States* identified the function of the documents as the critical issue. *Id.* at 858 (citing *National Labor Relations Board v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)). The documents withheld consisted of a large body of legal memoranda prepared by Department of Energy ("DOE") attorneys in response to questions raised by DOE auditors investigating individual firms for compliance with petroleum pricing and allocation regulations. The memoranda were of two types and served two separate functions. The vast majority were "neutral, objective analyses of agency regulations [resembling] question and answer guidelines which might be found in an agency manual." 617 F.2d at 863. Although technically nonbinding, these memoranda, like an agency manual, formed a body of interpretive law to which the DOE accorded precedential effect in later cases. A small minority of the documents advised DOE auditors how to proceed further with specific investigations where illegal violations had been uncovered. The DOE did not attempt to distinguish the two types of documents; rather it asserted one blanket claim of privilege on the theory that any of the underlying audits was potentially the subject of litigation.

The court rejected the agency's contention that any document prepared by an attorney in the context of an audit was automatically privileged from disclosure as work product. In drawing a line between the two classes of documents at issue, it regarded as pivotal the question whether a specific claim had arisen. The memoranda containing mere "neutral, objective analyses of agency regulations" could not meet the test, but the more pointed documents

might. (The court held that the agency failed to provide adequate data to meaningfully evaluate its claims as to the latter documents.)

 The documents withheld by the IRS here serve a function quite different from those involved in *Coastal States.* There the documents were like an agency manual, fleshing out the meaning of the statute it was authorized to enforce. Here the IRS memos advise the agency of the types of legal challenges likely to be mounted against a proposed program, potential defenses available to the agency, and the likely outcome. Similarly, plaintiff here is not trying to ascertain the agency's view of the law in order to comply or to advise clients on how to comply; it is seeking the agency's attorneys' assessment of the program's legal vulnerabilities in order to make sure it does not miss anything in crafting its legal case against the program.[3] This is precisely the type of discovery the Court refused to permit in *Hickman v. Taylor,* 329 U.S. 495, 513, 67 S.Ct. 385, 394, 91 L.Ed. 451 (1947).

Thus in *Coastal States* the "specific claim" requirement served to isolate those documents worthy of protection as attorney work product. Application of that requirement here would ignore the function performed by the withheld material, *see Coastal States,* 617 F.2d at 858 (understanding function of documents is crucial to evaluating agency's claim of privilege), and would conflict with the well established rules of discovery. We cannot believe the court intended such a result. Therefore we find the material withheld by the IRS to be attorney work product. *Cf. Federal Trade Commission v. Grolier, Inc.,* 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983) (material prepared in anticipation of litigation remains privileged after litigation ends); *Upjohn Co. v. United States,* 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (government wise to concede applicability of work product privilege to responses to

---

**3.** So far as we can tell plaintiff has yet to mount such an attack, but it is undisputed that plaintiff desires the withheld information for use in its representation of clients subject to the statistical sampling program.

internal inquiry as to certain potentially illegal activities).

## II. The District Court's Process in Evaluating the Exemption Claim

 Plaintiff asserts that the District Court lacked the materials minimally necessary to properly evaluate the IRS's claim of privilege.[4] In FOIA cases the unresponsive agency bears the burden of proving that withheld material is privileged. *Coastal States*, 617 F.2d at 866. A mere unsupported allegation of privilege does not satisfy this burden. The agency must provide the reviewing court with materials conveying the nature of the withheld documents in a manner that permits the court to critically evaluate the merit of the agency's claim of privilege. *Id.* at 861.

The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege. *See Mead Data Central, Inc. v. United States Department of the Air Force*, 566 F.2d 242 (D.C.Cir.1977). At least where claims of privilege encompass a large volume of documents, we have favored the agency's providing the court with an index of the withheld material, summarizing, in factual and not conclusory terms, the nature of the material withheld and linking each specific claim of privilege to specific material. *E.g., Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). This makes the process of review manageable and helps overcome the applicant's natural handicap—an inability to argue intelligibly over the applicability of exemptions when he or she lacks access to the documents. The reviewing court is also expressly authorized to make an *in camera* inspection of the documents. *See* 5 U.S.C. § 552(a)(4)(B) (1982); *EPA v. Mink*, 410 U.S. 73, 92–93, 93 S.Ct. 827, 838–39, 35 L.Ed.2d 119 (1973); *cf. Arieff v. United States Department of the Navy*, 712 F.2d 1462, 1470–71 (D.C.Cir.1983) (discussing conditions for *in camera* consideration of agency *affidavits*).

 Here the IRS provided the District Court with copies of the edited memoranda and a "Vaughn Index." The trial judge reviewed the edited memoranda and concluded, as do we, that even their surviving portions constitute attorney work product. It was thus a fair inference that the edited portions also qualified as work product. At least it would be startling for the agency to release qualifying parts of a document and withhold less qualifying portions. The trial judge accordingly upheld the claim of privilege with respect to the excisions without evaluating the IRS's Vaughn Index or ordering an *in camera* inspection of the material withheld. On the facts of this case, the District Court's procedure was entirely suitable.[5]

The decision below is

*Affirmed.*

---

**4.** Plaintiff further asserts that because the IRS admitted to destroying documents that may have been responsive to its FOIA request, it has experienced hardship justifying disclosure of the privileged excisions. *See Hickman v. Taylor*, 329 U.S. at 511, 67 S.Ct. at 393. The hardship the Court was concerned about in *Hickman* was an attorney's inability to obtain otherwise unavailable factual information, and not the

inability to obtain the adversary's legal assessment of what the case might turn on.

**5.** Because we conclude that the sanitized memoranda themselves provided the trial judge with an adequate basis to evaluate the IRS's claim of privilege, we need not consider the adequacy of the IRS's Vaughn Index.