JUDICIAL WATCH, INC., Plaintiff,

v.

Janet RENO, et al., Defendants.

No. CIV.A.00–0723 (JR).

United States District Court,
District of Columbia.

July 26, 2001.

Larry Klayman, Washington, DC, for Plaintiff.

Anne L. Weismann, Ben Cooper, U.S. Dept. of Justice Civil Division, Washington, DC, for Defendants.

## MEMORANDUM ORDER

ROBERTSON, District Judge.

Once again, the titanic FOIA war between Judicial Watch and the Justice Department has produced a pitched battle over a tiny piece of disputed territory. In this case, the Important Struggle involves six of the 15,369 documents that were responsive to Judicial Watch's request for materials related to the INS decision to return Elian Gonzalez to his biological father in Cuba. In a memorandum issued March 30, 2001, I explained my ruling that INS must either provide additional justification for the withholding of nine documents or turn them over. On May 15, 2001, I granted INS's motion for reconsideration as to two of those nine documents, after inspecting them *in camera.* Since then, INS has decided to turn over another one. Now before me is INS's renewed motion for summary judgment as to the last six. Judicial Watch has not surrendered.

The renewed INS motion focuses on my comment (3/30/01 memo, at 11) that its *Vaughn* index did not identify the author of a number of the documents withheld. The language of my actual ruling, however, was that the documents must be released "unless additional information is available about who created them *and in what circumstances*" (*id.* at 11–12).

 *Documents 142, 172–74, and 239.* Judicial Watch asserts that INS has yet to identify the "specific litigation for which [the] documents were supposedly prepared," but the law permits the invocation of Exemption 5 to protect attorney work product in the presence of "some articulable claim, likely to lead to litigation." *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 865 (D.C.Cir.1980). Indeed, if litigation was inevitable, there is no need to identify a specific claim, *see Schiller v. NLRB,* 964 F.2d 1205, 1208

(D.C.Cir.1992); *Delaney, Migdail & Young, Chartered v. IRS,* 826 F.2d 124, 127 (D.C.Cir.1987). It seems likely that litigation over the Gonzalez case was indeed inevitable, but the point is not so obvious that I can take judicial notice of it, and the barebones, conclusory supplemental declaration of Ronald W. Whitney does not prove the point. (N.B.: The memorandum that accompanies the renewed INS motion contains quotations that cannot be found in the supplemental Whitney declaration.)

 *Document 175.* The language quoted in the INS memorandum at pages 4–5 would suffice to show that the withheld portion of this document is predecisional-if it could actually be found in the supplemental Whitney declaration-but would not be enough to establish the second requirement for asserting the deliberative process privilege under Exemption 5, which is that the material be "deliberative." It is not enough to say that a memorandum "expresses the author's views" on a matter, *id.* at 5. The role played by the document in the course of the deliberative process must also be established. *Coastal States,* 617 F.2d at 868.

Leave will be granted to INS to augment its submission, if it can-because, although the parties may be ready for hand-to-hand combat, even life tenure is too short for the undersigned judge to contemplate a third motion for summary judgment.