13-422-cv
The New York Times Company v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2013

Submitted: June 5, 2014          Decided: June 23, 2014

Docket Nos. 13-422(L), 13-445(Con)

- - - - - - - - - - - - - - - - - - - - - - - -

THE NEW YORK TIMES COMPANY, CHARLIE SAVAGE,
SCOTT SHANE, AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
    Plaintiffs-Appellants,

        v.


UNITED STATES DEPARTMENT OF JUSTICE, UNITED
STATES DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY,
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, CABRANES, and POOLER, Circuit Judges.

On petition for rehearing.

With respect to request for additional redactions to OLC-DOD Memorandum and correction of Court's April 21, 2014, opinion, petition granted and revised public opinion filed with redacted version of OLC-DOD Memorandum; with respect to relief requested concerning *Vaughn* index, issues bifurcated and adjudication of *Vaughn* index issues deferred.

1

Sharon Swingle, Atty., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C.; Preet Bharara, U.S. Atty., Sarah S. Normand, Asst. U.S. Atty., New York, N.Y., Stuart F. Delery, Asst. U.S. Atty. General, Beth S. Brinkman, Deputy Asst. U.S. Atty. General, Douglas N. Letter, and Matthew M. Collette, Attys., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C., on the petition, for Defendants-Appellees.

No opposition papers requested at this time.

JON O. NEWMAN, Circuit Judge:

The Government has filed a petition for rehearing[1] with respect to our decision in *The New York Times v. United States Department of Justice*, Nos. 13-422(L), 13-455(Con), 2014 WL 1569514 (2d Cir. April 21, 2014), which primarily concerned a request under the Freedom of Information Act ("FOIA") for disclosure of a memorandum prepared by the Office of Legal Counsel for the Department of Defense ("OLC-DOD Memorandum").

---

[1] A public version of the petition, filed on our docket, makes redactions to protect the secrecy of material in the OLC-DOD Memorandum that the Government contends warrant secrecy. A sealed version of the petition included the material redacted from the public version.

2

Our decision was reflected in two documents – a public document and a sealed document.

The public document set forth the Court's reasons for ordering disclosure of the OLC-DOD Memorandum, but made a number of redactions, at the Government's request, to preserve the Government's opportunity to seek further appellate review of our decision. The public document totally redacted the text of the OLC-DOD Memorandum. The sealed document set forth the unredacted text of the Court's public document with the redacted portions identified by double-underlining for ease of identification by judges in the course of any further appellate review. We explained that in the event our opinion was not altered in the course of further appellate review, the redactions in the public document would be restored.

The sealed document contained as Appendix A a redacted version of the OLC-DOD Memorandum. The Court made these redactions to maintain the secrecy of those portions of the OLC-DOD Memorandum that appeared to warrant permanent secrecy for reasons set forth by the Government in submissions to the Court filed *ex parte* and *in camera*. Further explanation of the public and sealed documents is set forth in the Court's Order filed May 28, 2014.

3

The petition for rehearing essentially presents two challenges to our April 21 decision. The first is a request to make further redactions from the OLC-DOD Memorandum. The second is a request to withdraw that portion of the April 21 decision that required disclosure of the number, title, or description of several documents listed in a classified *Vaughn* index, *See New York Times*, typescript copy of opinion from Second Circuit website ("typescript copy") at 48-49, 51-52; 2014 WL 1569514, at *16-*17.

Because of the four-year delay that has ensued between the filing of the Plaintiffs' FOIA requests in June 2010 and today, with even a redacted version of the OLC-DOD Memorandum not yet disclosed, we will bifurcate the issues presented by the petition for rehearing, *see Coastal States Marketing, Inc. v. New England Petroleum Corp.*, 604 F.2d 179, 182-86 (2d Cir. 1979) (bifurcating issues on appeal); *cf.* Fed. R. Civ. P. 42(b) (authorizing separate trials for separate issues), and adjudicate in this opinion the request for further redactions to the OLC-DOD Memorandum (along with related challenges to specific passages in the sealed opinion that the Government contends are either inaccurate or warrant permanent secrecy). To the extent that the petition for rehearing requests relief

4

with respect to the *Vaughn* index, we will defer decision to a later date.

The petition for rehearing identifies several passages in the redacted version of the OLC-DOD Memorandum we submitted to the Government *ex parte* and *in camera* that the Government contends warrant additional redaction. Petition 9-10. Understandably, the Government has redacted from the public version of its petition for rehearing the specifics of those passages, but has fully identified them to the Court in a sealed version of the petition, submitted *ex parte* and *in camera*. The Government has also submitted *ex parte* and *in camera* two versions of the OLC-DOD Memorandum One version identifies the passages in the OLC-DOD Memorandum requested for further redaction, with citations to claimed bases for FOIA exemption; the other version of the OLC-DOD Memorandum makes the additional redactions now sought by the Government We will make all of the redactions in the OLC-DOD Memorandum requested by the Government.

In our April 21 opinion we stated that we were making redactions to preserve the Government's opportunity for further appellate review. We also stated that if our opinion was not altered upon further appellate review, the redacted

5

portions of our opinion would be restored. Because the Government's petition makes no request that any of the redacted portions of our April 21 opinion not be restored and gives no indication that any further appellate review of issues concerning disclosure of the redacted OLC-DOD Memorandum is being sought, we will today file a revised version of our April 21 opinion, restoring all of the redacted material, except for items that we stated in our May 28 order would remain redacted. In addition we will delete from our April 21 sealed opinion a phrase, stated in error, that appeared on the last two lines of page 44 of that opinion. We will also modify the April 21 public opinion with respect to disclosure of the titles and descriptions of certain numbered documents in a classified *Vaughn* index to implement our order of May 28.

With respect to the OLC-DOD Memorandum, the Government states in its petition that "[i]f the Court grants the petition for rehearing, this version of the OLC-DOD Memorandum [*i.e.*, the version with the additional redactions now requested by the Government] is appropriate for public filing." Petition 6. Because, after bifurcation of the issues concerning the OLC-DOD Memorandum, we are granting the

Government's petition to the extent that it requests relief concerning the OLC-DOD Memorandum, the revised version of our April 21 opinion filed today will include in Appendix A the OLC-DOD Memorandum as redacted by both our original redactions and the additional redactions now sought by the Government.[2]

---

[2] This opinion and the revised public opinion to be filed have been submitted to the Government *ex parte* and *in camera* to be sure that no inadvertent disclosure has been made.