13-422-cv
The New York Times Company v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2013

Submitted: June 5, 2014          Decided: July 10, 2014

Docket Nos. 13-422(L), 13-445(Con)

- - - - - - - - - - - - - - - - - - - - - - - -
THE NEW YORK TIMES COMPANY, CHARLIE SAVAGE,
SCOTT SHANE, AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
     Plaintiffs-Appellants,


              v.


UNITED STATES DEPARTMENT OF JUSTICE, UNITED
STATES DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY,
     Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, CABRANES, and POOLER, Circuit Judges.

On Petition for Rehearing.

With respect to bifurcated issues concerning *Vaughn* index issues, Petition DENIED, except that Court's Revised Opinion, filed June 23, 2014, is further revised to exclude from disclosure the titles and descriptions of listings 67, 105, 118, 119, 250, 262-65, and 271, and the titles of listings 57, 62, 66, 68, 69, 70, 78, 79, 80, 88, 92, 93, 97, 98, 100, 103, 104, 108, 123-28, and 130, and to delete listings 244, 246,

1

248, and 256 from page 62, lines 9-10, and the case is REMANDED.

Sharon Swingle, Atty., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C.; Preet Bharara, U.S. Atty., Sarah S. Normand, Asst. U.S. Atty., New York, N.Y., Stuart F. Delery, Asst. U.S. Atty. General, Beth S. Brinkman, Deputy Asst. U.S. Atty. General, Douglas N. Letter, and Matthew M. Collette, Attys., Appellate Staff, Civil Division, U.S. Dept. of Justice, Washington, D.C., on the petition, for Defendants-Appellees.

No opposition papers were requested.

JON O. NEWMAN, Circuit Judge:

This opinion adjudicates issues presented by the Government's petition to rehear our decision in *The New York Times v. United States Department of Justice*, Nos. 13-422(L), 13-455(Con), 2014 WL 1569514 (2d Cir. Apr. 21, 2014), *revised*, 2014 WL 2838861 (2d Cir. June 23, 2014) ("Revised Opinion"), which were bifurcated for later decision by our initial opinion on the petition, *see id.*, 2014 WL 2854878 (2d Cir.

2

June 23, 2014) ("First Rehearing Opinion").[1]  The remaining bifurcated issues concern the Government's objections to the ruling requiring disclosure of the title and description, but not the content, of several items listed on a classified *Vaughn* index. *See* Revised Opinion at 58-63;[2] 2014 WL 2838861, at *18-19.  That ruling resulted from the Appellants' objections to the Appellees' submission of so-called "*Glomar*" and "no number, no list" responses to portions of the Appellants' FOIA requests.

The petition for rehearing, portions of which were submitted *ex parte* and *in camera*, contends that several of the listings in the *Vaughn* index, *i.e.*, the titles and descriptions of numbered listings of documents, that were ordered to be disclosed contain information that is "classified, protected by statute, and/or privileged." Petition 12.  The petition refers specifically to three groups of listings (250, 262, 263, 264, 265, and 271), (57-68, 70-74, 76-79, 83, 88-110, 116-119, and 123-130), and (67, 118, and 119), and also expresses uncertainty as to whether a fourth

---

[1] That decision adjudicated issues concerning disclosure of the OLC-DOD Memorandum.

[2] Page references are cited to the typescript copy of the Revised Opinion posted on the Court of Appeals website.

3

group of listings (244, 246, 248, and 256) has been ordered disclosed.

Once a FOIA request has been made for documents, the preparation of a *Vaughn* index is now an accepted method for the Government to identify responsive documents and discharge its obligation to assert any claimed FOIA exemptions to the various documents withheld.[3]  *See American Civil Liberties Union v. CIA*, 710 F.3d 422, 432 (D.C. Cir. 2013) ("With the failure of the CIA's broad *Glomar* response, the case must now proceed to the filing of a *Vaughn* index or other description of the kind of documents the Agency possesses, followed by litigation regarding whether the exemptions apply to those documents."); *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 145-48 (D.C. Cir. 2006); *Keys v. U.S. Dep't of Justice*, 830 F.2d

---

[3] In some cases, preparation of a *Vaughn* index is not required if the agency submits a valid *Glomar* response, refusing to confirm or deny the existence of requested records because acknowledging even the existence of certain records would reveal information entitled to be protected. *See Wilner v. National Security Agency*, 592 F.3d 60 (2d Cir. 2009) (upholding *Glomar* response to FOIA request for records obtained under the Terrorist Surveillance Program).  A *Vaughn* index is also not needed if the "factual nature" of all parts of the requested documents is known and the only dispute concerns the availability of FOIA exemptions. *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973) (citing *EPA v. Mink*, 410 U.S. 73, 92-93 (1973)).

337, 349-50 (D.C. Cir. 1987); *National Treasury Employees Union v. U.S. Customs Service*, 802 F.2d 525, 527 (D.C. Cir. 1986); *Lykins v. United States Dep't of Justice*, 725 F.2d 1455, 1463 (D.C. Cir. 1984); *see also Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) ("[W]e do not retreat in the least from our belief that an index is of great assistance to requesters and courts in appropriate cases . . . .").

The *Vaughn* index procedure was developed to avoid the cumbersome alternative of routinely having a district court examine numerous multi-page documents *in camera* to make exemption rulings. *See Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973).[4] With the large number of documents listed in the pending case, it would be unrealistic to expect the District Court to make an *in camera* inspection of so many documents to assure itself that the claimed exemptions apply.[5]

---

[4] "In theory, it is possible that a trial court could examine a document in sufficient depth to test the accuracy of a government characterization, particularly where the information is not extensive. But where the documents in issue constitute hundreds or even thousands of pages, it is unreasonable to expect a trial judge to do as thorough a job of illumination and characterization as would a party interested in the case." *Vaughn*, 484 F.2d at 825.

[5] *Cf. Donovan v. FBI*, 806 F.2d 55, 59 (2d Cir. 1986) (approving *in camera* inspection of small number of documents), *abrogated on other grounds by U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 170 (1993) .

5

A *Vaughn* index typically lists the titles and descriptions of the responsive documents that the Government contends are exempt from disclosure.  In some cases detailed affidavits from agency officials may suffice to indicate that requested documents are exempt from disclosure. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014) ("Agency affidavits sometimes take the form of a '*Vaughn* index,' but there is 'no fixed rule' establishing what such an affidavit must look like.") (citation omitted); *Delaney, Migdail & Young, Chartered v. IRS,* 826 F.2d 124, 128 (D.C. Cir. 1987) ("The materials provided by the agency may take any form so long as they give the reviewing court a reasonable basis to evaluate the claim of privilege.").  A so-called "classical" *Vaughn* index, *Keys*, 830 F.2d at 349, like that in the pending case, is one that lists titles and descriptions of documents with cites to claimed FOIA exemptions for each document listed. *See, e.g., Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1128-36 (D.C. Cir. 2004) (Appendix displaying *Vaughn* index).

The titles and descriptions of documents listed in a *Vaughn* index usually facilitate the task of asserting and

adjudicating the requester's challenges to the Government's claims of exemption.[6]  "[T]he index gives the court and the challenging party a measure of access without exposing the withheld information," *Judicial Watch v. FDA,* 449 F.3d at 146, and "it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court," *Keys*, 830 F.2d at 349 (internal quotation marks and citation omitted).

Especially in cases such as the pending one, involving a very large number of responsive documents, the index also enables the FOIA requester, after seeing the titles and descriptions of all listed documents, to inform the district court which of those documents it wants disclosed.  For example, in this case the *Vaughn* index describes several listed documents as email chains, and, because the Plaintiffs have disclaimed any interest in disclosure of these documents,

---

[6] However, a description that appears to place a document within an exemption may not be conclusive.  For example, in *American Civil Liberties Union v. U.S. Dep't of Justice*, 655 F.3d 1, 18 (D.C. Cir. 2011), the District of Columbia Circuit considered *Vaughn* index descriptions that "suggest[ed]" that the listed documents were "internal drafts containing information that may be covered by the deliberative-process or work-product privileges cognizable under FOIA Exemption 5." Nevertheless, the Court remanded for further inquiry. *Id.* at 19.

we excluded them from disclosure in our Revised Opinion.[7]

We have located no reported FOIA decision considering whether the titles and descriptions of documents listed in a "classical" *Vaughn* index are protected from disclosure. The reason appears to be that it is unusual for the Government to classify a *Vaughn* index containing only titles and descriptions of withheld documents. "In the usual case, the index is *public* and relatively specific in describing the kinds of documents the agency is withholding." *American Civil Liberties Union*, 710 F.3d at 432 (emphasis added). "The court is to require the agency to create as full a *public* record as possible, concerning the nature of the documents and the justification for nondisclosure." *Hayden v. National Security Agency*, 608 F.2d 1381, 1384 (D.C. Cir. 1979) (emphasis added). Where, as here, the Government has elected to classify a *Vaughn* index,[8] it becomes especially important to disclose the titles and descriptions of listed documents to facilitate the adjudication of claimed exemptions, unless those materials

---

[7] The identification of excluded email chains should have included listing 105, which we now exclude from disclosure.

[8] Despite the classification of the *Vaughn* index, those titles and descriptions, not themselves subject to any FOIA exemption, that we have ordered to be disclosed are obviously segregable from the balance of the index.

8

themselves reveal sensitive information.

Before considering the Government's request to exclude from disclosure the titles and descriptions of specific listings, in addition to those already excluded, we note the Government's more general argument that the Plaintiffs "did not seek disclosure of OLC's classified *Vaughn* index." Petition 12. But, as the petition acknowledges, the Plaintiffs "argued that the [G]overnment should prepare and produce a public *Vaughn* index," Petition 12, and the Plaintiffs can hardly be faulted for not requesting the classified index of which they were unaware.

The Government also contends that our Revised Opinion "has not identified the legal ground" for the disclosure we ordered of some of the titles and descriptions of documents listed on the *Vaughn* index.[9] Petition 11. However, in response to a FOIA request, the burden is on the Government to

_____

[9] The Petition incorrectly states that we have ordered disclosure of "the index." Petition 11. We have not. As the Government appears to recognize, the dispute about the OLC's *Vaughn* index concerns whether titles and descriptions of some specifically identified listings must be disclosed. Nor have we ordered disclosure of *Vaughn* indices to be prepared by DOD and CIA. We ordered these agencies to "submit *Vaughn* indices to the District Court for *in camera* inspection and determination of appropriate disclosure and appropriate redaction." Revised Opinion 65 (Conclusion ¶ 5), 2014 WL 2838861, at *20.

9

justify *not* disclosing withheld information. *See Hayden*, 608 F.2d at 1384.

We turn then to the specific listings that the Government contends should not be disclosed, in addition to the 91 listings we excluded from disclosure in our Revised Opinion. The Government opposes disclosure of the titles and descriptions of listings in the first group because, it contends, the content of the documents contain sensitive information. Even if that is so, it is not necessarily a reason to withhold disclosure of the titles and descriptions of the documents, unless these titles and descriptions themselves contain sensitive information. We agree with the District of Columbia Circuit that "[w]hen the itemization and justification are themselves sensitive, . . . to place them on public record could damage security in precisely the way that FOIA Exemption 1 is intended to prevent." *Hayden*, 608 F. 2d at 1384. As to non-sensitive titles and descriptions, however, disclosure is required, and the Plaintiffs can then inform the District Court which documents it wants disclosed and which claims of exemption it disputes. At that point the District Court can evaluate all of the Government's submissions, adjudicate the Government's claims for exemptions, and

determine which records warrant redactions or even withholding in their entirety.

The petition characterizes the six listings of the first group of documents as relating to a contemplated military operation. Although the titles and descriptions do not provide any information about such an operation, we will accept the Government's representation and exempt these titles and descriptions from disclosure to avoid even the risk that the fact of the military operation might be inferred.

The petition characterizes the 57 listings of the second group of documents as describing information provided to OLC in connection with OLC's preparation of pre-decisional legal advice, and then asserts that the content of information provided to a lawyer is privileged. Petition 14. However, with few exceptions, the titles and descriptions of these listings contain no information at all. *See*, *e.g.*, *Brinton v. United States Dep't of State*, 476 F. Supp. 535, 537–40 (D.D.C. 1979) (revealing non-informational titles of documents claimed to be protected by attorney-client privilege). Although the documents themselves, or at least portions of them,[10] might be

_____

[10] *See* 5 U.S.C. § 552(b) (authorizing disclosure of segregable portions of exempted document).

exempt from disclosure, there is no reason not to disclose the non-informational titles and descriptions. Within the second group, taking a generous view of what constitutes "information," we will add to the items already excluded from disclosure[11] the titles, but not the descriptions, of listings 57, 62, 66, 68, 70, 78, 79, 88, 92, 93, 97, 98, 100, 103, 104, 108, 123-28, and 130, and, on our own reexamination of the *Vaughn* index, exclude from disclosure the titles, but not the descriptions, of listings 69 and 80.

The Petition seeks protection for the listings of the three documents in the third group of documents for reasons indicated by the Government in a sealed portion of its Petition. We deem those reasons sufficient to preclude disclosure of the listings in the third group of documents. We will therefore add to the items already excluded from disclosure the titles and descriptions of listings 67, 118, and 119.

Beyond the three groups of numbered listings, the Government contends that the titles and descriptions of

---

[11] The Revised Opinion had already excluded from disclosure listings 92, 94, 101, 103-04, and 106-09, which are within the 57 listings the Government now seeks to exclude from disclosure. *See* Revised Opinion (Conclusion ¶ 2), 2014 WL 2838861, at *20.

12

"other" listings should not be disclosed. *See* Petition 14. The Government has now had three opportunities to claim justified exceptions to *Vaughn* index disclosures – first, in its brief on the merits, second, in the pending petition for rehearing, and third, in its response to the Court's *ex parte* letter of June 10, submitting for *in camera* review the Court's proposed Revised Opinion. It is far too late in the day to fail to identify by specific numbers the "other" listings. The Government's claim that "space constraints" in the rehearing petition preclude the requisite specificity, *see* Petition 15, is without merit. Any additional numbers could have been included in one or two lines of type in the blank bottom one-third of the last page of the petition.

The Government expresses uncertainty as to whether the titles and descriptions of another group of listings (244, 246, 248, and 256) were excluded from disclosure by our Revised Opinion. Although the Revised Opinion expressly excluded these listings from disclosure, *see* Revised Opinion (Conclusion ¶ 2), 2014 WL 2838861, at *20, the reference to these listings elsewhere in the Revised Opinion created some doubt. We will therefore delete these listings from the text of the Revised Opinion at page 62, lines 9-10.

13

Accordingly, with respect to the bifurcated issues concerning the *Vaughn* index, we will grant the petition in part by excluding from disclosure the titles and descriptions of listings 67, 105, 118, 119, 250, 262-65, and 271, and the titles of listings 57, 62, 66, 68, 69, 70, 78, 79, 80, 88, 92, 93, 97, 100, 103, 104, 108, 123-28, and 130. We will remand the case to the District Court with directions, in addition to those ordered in our Revised Opinion (Conclusion ¶ 3), 2014 WL 2838861, at *20, to order the Appellee U.S. Department of Justice to file a public version of its *Vaughn* index in compliance with our Revised Opinion at 64-65 (Conclusion ¶ 2 (identifying listings not required to be disclosed)), 2014 WL 2838861, at *20, and this opinion.[12] We will amend our Revised Opinion to delete listings 244, 246, 248, and 256 from page 62, lines 9-10. Apart from these rulings and those set forth in our opinion of June 23, 2014, on the bifurcated issues concerning the OLC-DOD Memorandum, the Petition for Rehearing

---

[12] To avoid any misunderstanding, our combined rulings mean that the filed *Vaughn* index will contain the titles and descriptions of listings 5, 7-9, 50, 58-61, 63-65, 71, 73-77, 83, 89-91, 95, 96, 98, 99, 102, 110, 113, 116, 117, 120-22, 129, 131-243, and 269-270, and the descriptions of listings 57, 62, 66, 68, 69, 70, 78, 79, 88, 92, 93, 97, 100, 103, 104, 108, 123-28, and 130.

14

is DENIED, and the case is REMANDED.[13]

---

[13] Any subsequent appeal following remand will be assigned to this panel in the interests of judicial economy.