19-3125-(L)
*Junk v. Bd. of Governors of Fed. Rsrv. Sys.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-two.

PRESENT:  JOSÉ A. CABRANES,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

---

DANIEL L. JUNK,

*Plaintiff-Appellant-Cross-Appellee,*

v.

BOARD OF GOVERNORS OF THE
FEDERAL RESERVE SYSTEM,

*Defendant-Appellee-Cross-Appellant.*

19-3125-cv (L),
19-3606-cv (XAP)

---

**FOR PLAINTIFF-APPELLANT-CROSS-APPELLEE:**

Frank J. Dito, Jr., Staten Island, NY.

**FOR DEFENDANT-APPELLEE-CROSS-APPELLANT:**

Mónica P. Folch and Benjamin H. Torrance, Assistant United States Attorneys, *for* Audrey Strauss, United

States Attorney for the Southern District of New York, New York, NY.

Appeal from a November 18, 2020 order and December 16, 2020 judgment entered by the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 18, 2020 order and December 16, 2020 judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Daniel J. Junk appeals from the November 18, 2020 order granting summary judgment to Defendant the Board of Governors of the Federal Reserve System (the "Board") and the accompanying December 16, 2020 judgment. Junk submitted a Freedom of Information Act ("FOIA") request to the Board seeking "[a]ny records from Maiden Lane LLC and Maiden Lane II LLC and Maiden Lane III LLC containing" a specific nine-digit alphanumeric Committee on Uniform Security Identification Procedures ("CUSIP") number. After the Board initially denied his request, Junk filed this FOIA action. Thereafter, the Board searched for and failed to locate any responsive records, after which the District Court granted the Board's motion for summary judgment. Junk now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review *de novo* a district court's grant of summary judgment in FOIA litigation. *Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 69 (2d Cir. 2009). An agency seeking summary judgment "has the burden of showing that its search was adequate." *Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search . . . are sufficient to sustain the agency's burden." *Id.* (footnote omitted). The agency's submissions "must be relatively detailed and nonconclusory, and submitted in good faith." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 488-89 (2d Cir. 1999) (cleaned up). The submissions are, however, "accorded a presumption of good faith" such that "discovery relating to the agency's search . . . generally is unnecessary if the agency's submissions are adequate on their face." *Carney*, 19 F.3d at 812 (internal quotation marks omitted). "When this is the case, the district court may

---

[1] Junk initially commenced this appeal — No. 19-3125 — on September 27, 2019, seeking relief from an order of the District Court dated August 29, 2019, *see Junk v. Bd. of Governors of Fed. Rsrv. Sys.*, 404 F. Supp. 3d 794 (S.D.N.Y. 2019). The Board cross-appealed by commencing No. 19-3606. After the Board failed to pursue its cross-appeal, the cross-appeal was dismissed. On June 24, 2020, this Court ordered that the case be remanded to the District Court for further proceedings pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). After the District Court granted summary judgment to the Board on November 18, 2020, this Court ordered that the mandate be recalled and that the appeal be reinstated on December 7, 2020.

forgo discovery and award summary judgment on the basis of affidavits." *Id.* (internal quotation marks omitted).

Here, based on a declaration submitted by Zachary S. Taylor, vice-president of the Federal Reserve Bank of New York ("FRBNY"), the District Court properly concluded that the Board, with the assistance of the FRBNY, conducted an adequate search and granted the Board summary judgment without ordering discovery.[2] The declaration stated that FRBNY staff searched certain spreadsheets for the CUSIP number identified in Junk's request and that their searches failed to yield any hits. Suppl. J. App'x 35, ¶¶ 8-9. The spreadsheets FRBNY staff searched listed "every CUSIP number ever associated with Maiden Lane LLC" and "every CUSIP number that is, or ever was, part of Maiden Lanes II and III." *Id.* at 35, ¶ 7.

Junk now challenges the adequacy of the search outlined in the Taylor declaration and seeks discovery to test the adequacy of the Board's efforts to locate responsive documents. "When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question [he] raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *Grand Cent. P'ship*, 166 F.3d at 489 (cleaned up). Indeed, "[t]he adequacy of a search is not measured by its results, but rather by its method." *N.Y. Times Co. v. U.S. Dep't of Just.*, 756 F.3d 100, 124 (2d Cir.), *opinion amended on denial of reh'g*, 758 F.3d 436 (2d Cir.), *supplemented*, 762 F.3d 233 (2d Cir. 2014). The method described in the Taylor declaration — a search of the relevant spreadsheets containing every CUSIP number associated with the three named entities for the CUSIP number Junk identified in his request — was reasonably calculated to uncover records concerning the CUSIP number in question; the fact that the search came up empty has no bearing on the adequacy of the search. *Cf. N.Y. Times*, 756 F.3d at 124 ("[A] search is not inadequate merely because it does not identify all responsive records.").

---

[2] The District Court's order also stated that "Junk . . . filed a cross-motion for summary judgment," which the District Court denied. *Junk v. Bd. of Governors of Fed. Rsrv. Sys.*, No. 19-CV-385 (DLC), 2020 WL 6782214, at *1 (S.D.N.Y. Nov. 18, 2020). Junk correctly points out that he did *not* cross-move for summary judgment pursuant to Rule 56(a), but rather filed a motion pursuant to Rule 56(d) seeking a denial of the Board's motion for summary judgment or the deferral of consideration of that motion "to allow . . . Junk time to take limited discovery." District Court ECF No. 34, at 13; *see* District Court ECF No. 34-2; *see also* Fed. R. Civ. Pro. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."). While it may have inadvertently mischaracterized Junk's Rule 56(d) motion, the District Court did appropriately rule that "Junk's request for discovery is denied." *Junk*, 2020 WL 6782214, at *3.

Moreover, far from "mak[ing] a showing of bad faith on the part of the agency sufficient to impugn the agency's . . . declarations or provid[ing] some tangible evidence that . . . summary judgment is . . . inappropriate," *Carney*, 19 F.3d at 812 (cleaned up), Junk raises "purely speculative claims about the existence . . . of other documents," *Grand Cent. P'ship*, 166 F.3d at 489 (internal quotation marks omitted).  In particular, Junk raises the possibility of records "maintained by third parties."  Suppl. Br. 5.  But the alleged existence of "third party" records is of no moment; an agency's FOIA obligations only apply to records over which the agency has "possession or control." *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980).  Under these circumstances, the District Court properly denied Junk's request for discovery and granted summary judgment to the Board.

Finally, Junk argues that the District Court erred by failing to consider whether he was entitled to "any other relief, including attorney's fees."  Junk is correct that in a June 24, 2020 order by a panel of this Court remanding this cause to the District Court, we concluded that the District Court had "prematurely closed the case" and ordered that the District Court consider, *inter alia*, "whether the Appellant is entitled to any other relief, including attorney's fees."  ECF No. 94.  But in light of the fact that Junk failed to raise the issue to the District Court (notwithstanding the District Court's express invitation to raise "the need for any further proceedings," Suppl. J. App'x 10), we deem Junk's argument waived.  *See Elder v. McCarthy*, 967 F.3d 113, 125 (2d Cir. 2020).

We have considered all of Junk's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the November 18, 2020 order and December 16, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4