14-4432-cv(L) 14-4764-cv(Con)
The New York Times Company v. United States Department of Justice

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2014

Argued: June 23, 2015          Decided: October 22, 2015

Docket No. 14-4432-cv, 14-4764-cv

- - - - - - - - - - - - - - - - - - - - - - - -

THE NEW YORK TIMES COMPANY, CHARLIE SAVAGE,
SCOTT SHANE, AMERICAN CIVIL LIBERTIES UNION,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION,
    Plaintiffs-Appellants,

                    v.

UNITED STATES DEPARTMENT OF JUSTICE, UNITED
STATES DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY,
    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, CABRANES, and POOLER, <u>Circuit Judges</u>.

Appeal from the October 31, 2014, decision and order of the United States District Court for the Southern District of New York (Colleen McMahon, District Judge), adjudicating, pursuant to a remand from this Court, Freedom of Information Act requests for documents prepared by the Office of Legal Counsel of the United States Department of Justice concerning targeted killings by drone aircraft.  The District Court ordered disclosure of all

1

or portions of some documents and denied disclosure of other documents. The appeal also concerns disclosure of redacted portions of the District Court's sealed opinion and disclosure of redacted portions of the transcript of the June 23, 2015, oral argument present by the Government to the Court *ex parte* and *in camera*.

Judgment AFFIRMED; redacted portions of District Court opinion to remain UNDISCLOSED, except for three paragraphs (as redacted pursuant to Part IV of this opinion) that the District Court wishes to disclose; and redacted portions of transcript of June 23, 2015, oral argument to remain UNDISCLOSED; case REMANDED.

David E. McCraw, The New York Times Company, New York, N.Y. (Jeremy A. Kutner, New York, N.Y., on the brief), for Plaintiffs-Appellants The New York Times Company, Charlie Savage, and Scott Shane.

Jameel Jaffer, American Civil Liberties Union Foundation, New York, N.Y. (Hina Shamsi, Dror Ladin, American Civil Liberties Union Foundation, New York, N.Y., Eric Ruzicka, Colin Wicker, Michael Weinbeck, Dorsey & Whitney LLP, Minneapolis, Minn., on the brief), for Plaintiffs-Appellants American Civil Liberties Union and American Civil Liberties Union Foundation.

Sarah S. Normand, Asst. U.S. Atty., New York, N.Y. (Preet Bharara, U.S. Atty., New York, NY, Benjamin C. Mizer, Acting Asst. U.S. Atty. General, Matthew M. Collette, Sharon Swingle, Thomas Pulham, Civil Division, U.S. Dep't of Justice, Washington, D.C., on the brief), for Defendants-Appellees.

(Lawrence S. Lustberg, Joseph A. Pace, Gibbons P.C., Newark NJ, for amici curiae Senators Ron Wyden, Rand Paul, Jeff Merkley, and Martin Heinrich, in support of Plaintiffs-Appellants)

JON O. NEWMAN, Circuit Judge:

This appeal from the October 31, 2014, decision and order of the District Court for the Southern District of New York (Colleen McMahon, District Judge) concerns the second round in a protracted Freedom of Information Act ("FOIA") litigation seeking disclosure of documents related to targeted killings by the use of drone aircraft. On the prior appeal, *see New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100 (2d Cir. 2014) ("*NYTimes I*"), we ordered disclosure of a 2010 document known as the "OLC-DOD Memorandum," a 41-page legal opinion prepared by the Office of Legal Counsel ("OLC") in the Department of Justice for the Department of Defense ("DOD"), advising as to the legality of targeted drone attacks. *See id.* at 112-21. We ruled that prior disclosures by senior officials of the Government, plus the

3

release of what was referred to as "the White Paper," resulted in waiver of all applicable exemptions for protection of the OLC-DOD Memorandum.

We also remanded the case to the District Court to review *in camera* several other documents prepared by the OLC that the Government had identified as responsive to the pending FOIA requests but had withheld on various grounds. We remanded for "determination of waiver of privileges and appropriate redaction." *Id.* at 124. The District Court ruled, in a partially redacted opinion, that the Government had properly invoked Exemption 1 (documents classified by executive order), Exemption 3 (intelligence sources and methods protected by statute), and Exemption 5 (document protected by the deliberative process or attorney-clients privilege), and that most of these documents should not be disclosed.[1] That ruling is challenged on the

---

[1] As explained in our prior decision, *see NYTimes I*, 756 F.3d at 104, Exemption 1 permits an agency to withhold information that is "'specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy'" if that information has been "'properly classified pursuant to such Executive order.'" *ACLU v. Dep't of Justice*, 681 F.3d 61, 69 (2d Cir. 2012) (quoting U.S.C. § 552(b)(1)). Exemption 3 permits an agency to withhold information that is "specifically exempted from disclosure by statute, *see* 5 U.S.C. § 552(b)(3)(A)(I), (ii), such as pursuant to 50 U.S.C. § 3024-1(i)(1), which exempts from disclosure "intelligence sources and methods," or 50 U.S.C. § 3507, which exempts the CIA from "any other law which require[s] the publication or disclosure of the organization, functions, names, official titles, salaries, or numbers of personnel employed by the Agency." Exemption 5 authorizes an agency to withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C.

4

pending appeal. The appeal also concerns disclosure of the redacted portions of the District Court's opinion, including three paragraphs that the District Court wishes to disclose, and disclosure of redacted portions of the transcript of the June 23, 2015, oral argument presented by the Government to this Court *ex parte* and *in camera*.

## Background

The background of the litigation was extensively set forth in *NYTimes I*, 756 F.3d at 104-11, and need not be repeated here. We recount only developments since our prior decision.

Paragraph (3) of the "Conclusion" of *NYTimes I* provided that "other legal memoranda prepared by OLC and at issue here must be submitted to the District Court for *in camera* inspection and determination of waiver of privileges and appropriate redaction." *Id.* at 124. In conformity with that direction, the District Court examined *in camera* eleven sealed documents, identified as Exhibits A, B, C, E, F, G, H, I, J, K, and L to a sealed affidavit submitted by John E. Bies, Deputy Assistant Attorney General in the OLC. Exhibit D is the OLC-DOD Memorandum, already disclosed.

§ 552(b)(5). Exemption 5 encompasses documents protected by, among other things, the attorney-client and deliberative process privileges. *See National Council of La Raza v. Dep't of Justice*, 411 F.3d 350, 356 (2d Cir. 2005).

5

On October 31, 2014, the District Court filed under seal its opinion adjudicating claims for disclosure of these documents. The District Court's opinion was sealed because, in discussing the reasons for refusing disclosure of most of the documents at issue, the Court necessarily discussed matters entitled to remain secret. The Court submitted its opinion to the Government *ex parte* for classification review. The Government requested redaction of several portions of the District Court's opinion. The District Court agreed to all of the redactions proposed by the Government with the exception of three paragraphs on page 9 of the Court's opinion.[2] Judge McMahon continued those paragraphs under seal, however, to abide the outcome of appellate review of her decision to disclose them. We will recount below the District Court's rulings with respect to each of the eleven documents. The District Court certified its rulings for immediate entry of a partial judgment under Rule 54(b) of the Federal Rules of Civil Procedure.

After the Appellants and four United States Senators, as *amici curiae*, filed their briefs, the Government filed a redacted version of its brief and filed an unredacted version *ex parte* and *in camera*. The Government later sought the opportunity to present oral argument to the Court *ex parte* and *in camera*. We

---

[2] The Government did not request redaction of the first sentence of the first paragraph.

granted that request and heard Government counsel *ex parte* and *in camera* on June 23, 2015, just prior to hearing both sides in open court. On June 25, we entered two sealed orders, both sent to the Government *ex parte*. These orders afforded the Government an opportunity to submit *ex parte* and *in camera* a brief and a supplemental declaration concerning matters that the Court had raised with Government counsel at the June 23 *ex parte* and *in camera* hearing. On July 7, the Government filed *ex parte* and *in camera* a transcript of the June 23 argument, together with a redacted version of that transcript, which was filed in the normal course ("June 23 redacted tr."). *See* Dkt. No. 119. On July 17, the Government filed its response to our June 25 orders, submitting, *ex parte* and *in camera*, a brief and a supporting affidavit. On the same day, we asked the Government to submit a letter justifying the transcript redactions. The Government responded with a letter of July 24, 2015, filed *ex parte* and *in camera*.

## Discussion

We emphasize at the outset, as we did before, *see NYTimes I*, 756 F.3d at 103, that the lawfulness of drone strikes is not at issue. This appeal, like the prior one, primarily concerns whether documents considering such lawfulness must be disclosed.

7

I. The Eleven OLC Documents.

*Exhibits A, B, and C*. The District Court ruled that these documents were required to remain secret, but that the legal reasoning contained in Exhibit B had been incorporated into Exhibit K, which was appropriate for disclosure. We agree with the District Court's decision not to disclose Exhibits A, B, and C, which contain intelligence information that was properly exempted.

*Exhibit E*.[3] This OLC document, as described by the Government, is "the provision of legal advice in 2002 provided to the President's close legal advisor about the [E]xecutive [O]rder 12333."[4] Executive Order 12333, captioned "United States Intelligence Activities," was signed by President Reagan on Dec. 4, 1981. The District Court withheld Exhibit E partly on the ground that most of it discusses topics exempted from FOIA disclosure and not subject to any waiver. We agree with the District Court's ruling in that respect. As to one portion of Exhibit E that discusses a topic referred to in subsequent statements of senior Government officials, the District Court withheld that portion because the discussion "does not correspond" to any legal analysis that has been disclosed.

---

[3] Exhibit D is the OLC-DOD Memorandum, previously disclosed.

[4] June 23 redacted tr. at 12.

8

At issue is whether the Government waived its right to invoke Exemption 5 as the basis for withholding portions of the legal analysis in Exhibit E by subsequently making public statements on topics related to some of the analysis contained in that document. Our initial concern with disclosure of the portion that is similar to subsequent disclosures is the substantial time interval between the date of Exhibit E and the subsequent arguably similar disclosures. In *NYTimes I*, several relevant statements of Government officials were made before the date of the July 16, 2010, OLC-DOD Memorandum,[5] and other statements were made less than three years afterwards.[6] With respect to Exhibit E, there is no statement of a Government official before the date of that exhibit that even arguably supports waiver of protection, and the earliest dates of subsequent statements that even arguably support waiver were made eight years after the date of Exhibit E.[7]

---

[5] March 18, 2010, statement of then-CIA director Leon Panetta, *see NYTimes I*, 756 F.3d at 118; March 25, 2010, statement of then-Legal Adviser of the State Department Harold Hongju Koh, *see id.* at 114; June 27, 2010, statement of then-CIA director Leon Panetta, *see id.* at 118.

[6] Nov. 8, 2011, White Paper, *see NYTimes I*, 756 F.3d at 110-11 & n.9; February 7, 2013, statement of John O. Brennan, *id.* at 111; statement of then-Attorney General Eric Holder, *id.*

[7] *See* footnote 6, *supra*.

9

We do not mean to imply that a Government official's public statement made after preparation of a legal opinion can never result in waiver of protection for that opinion. Our reliance on some statements made soon after the date of the OLC-DOD Memorandum dispels such a broad implication. However, the passage of a significant interval of time between a protected document and a Government official's subsequent statement discussing the same or a similar topic considered in the document inevitably raises a concern that the context in which the official spoke might be significantly different from the context in which the earlier document was prepared. Even if the content of legal reasoning set forth in one context is somewhat similar to such reasoning that is later explained publicly in another context, such similarity does not necessarily result in waiver. Moreover, ignoring both the differences in contexts and the passage of a significant interval of time would risk requiring Government officials to consider numerous arguably similar documents prepared long before and then measure their public words very carefully so as not to inadvertently precipitate a waiver of protection for those earlier documents.

In this case, it would be difficult to explain in detail why the context of the legal reasoning in Exhibit E differs from the

10

context of the public explanations given by senior Government officials eight years later without revealing matters that are entitled to protection. We can say, however, that Exhibit E concerns Executive Order 12333, and that Order is not mentioned in any of the public statements we relied on in *NYTimes I* to support waiver of protection for the OLC-DOD Memorandum. We can also say that Exhibit E concerns actions and governing legal standards different from those later publicly discussed. We conclude that these differences suffice to preclude a ruling that waiver has occurred, and we therefore affirm the District Court's decision not to disclose Exhibit E.

*Exhibits F, G, H, I, and J*. These OLC documents discuss another document that remains entitled to protection. It would be difficult to redact any arguably disclosable lines of legal analysis from these documents without disclosing the contents of that other document, and for that reason the District Court properly withheld them from disclosure.

*Exhibit K*. This document is a redacted version of Exhibit B. The District Court properly ordered it disclosed because the Government waived any privilege in the redacted legal analysis.

*Exhibit L*. This document is an email that circulated the White Paper to DOJ personnel, together with the White Paper

11

itself.  The White Paper has already been disclosed, and the email contains no legal analysis.  The District Court properly withheld it from disclosure.

Unable to direct arguments to the specific documents, which they have not seen, the Appellants make the general argument that the legal reasoning in OLC opinions is "working law," *see Brennan Center for Justice v. U.S. Dep't of Justice*, 697 F.3d 184 (2d Cir. 2012), not entitled to be withheld under FOIA Exemption 5. Whether or not "working law," the documents are classified and thus protected under Exemption 1, in the absence of statements by public officials that constitute waiver of all FOIA exemptions.

Moreover, these OLC documents are not "working law."  At most, they provide, in their specific contexts, legal advice as to what a department or agency "is *permitted* to do," *Electronic Frontier Foundation v. U.S. Dep't of Justice*, 739 F.3d 1, 10 (D.C. Cir. 2014) (emphasis in original), but OLC "did not have the authority to establish the 'working law' of the [agency]," *id.* at 8, and its advice "is not the law of an agency unless the agency adopts it," *id.*  The one document ordered disclosed in *Brennan Center* was not deemed "working law," 697 F.3d at 203, and was ordered disclosed only because the agency had "adopted [it]

12

by reference," *id.* No agency of the Government has adopted by reference any of the documents at issue in this case.

To recapitulate, we agree with all of the District Court's rulings with respect to the documents at issue, with the result that only Exhibit K is to be disclosed. As explained above, Exhibit K, which the District Court ordered disclosed, is a redacted version of Exhibit B.

II. Disclosure of the Redacted Portions of the District Court's Opinion

The Appellants contend that the redacted portions of the District Court's opinion should be disclosed. Judge McMahon herself urges us to permit disclosure of three paragraphs on page 9 of her opinion, which she maintained under seal only to assure that those paragraphs remained sealed in the event that a reviewing court disagreed with her decision to make them public.

The Appellants are understandably in a difficult position to present their argument for disclosure of the redacted portions of the District Court's opinion because they have not seen them. The Appellants' basic argument is that the First Amendment requires public access to normally public documents, such as court opinions. They rely on *United States v. Erie County,* 763

13

F.3d 235 (2d Cir. 2014), and *Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir. 2006).

*Erie County* concerned compliance reports filed with a court administering a stipulation governing prison conditions. As the Court noted, "[E]very aspect of this litigation is public." *Erie County*, 763 F.3d at 241. By contrast, the pending case concerns classified documents sought pursuant to FOIA requests, and the District Court's sealed opinion explains why, with limited exception, those documents must remain under seal. *Lugosch* concerned documents supporting and opposing a summary judgment motion in litigation between private parties. Concerns related to classified documents were not involved in either case. "As a general rule," there is no constitutional right of access "to traditionally nonpublic government information." *McGehee v. Casey*, 718 F.2d 1137, 1147 (D.C. Cir. 1983). Appellants are therefore not entitled to disclosure of those portions of the District Court's opinion that discuss information properly withheld under an applicable FOIA exemption.

The Appellants further contend that even if the District Court was entitled to seal its opinion, the Court failed to make the findings warranting sealing that are required by *Erie County*, 763 F.3d at 239, and *Lugosch*, 435 F.3d at 120, both of which

14

restated the findings requirement first announced in *In re New York Times*, 828 F.2d 110, 116 (2d Cir. 1987) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (internal quotation marks omitted).  But, as *Erie County* explained, the findings requirement for sealing documents arises only after "a First Amendment right of access to judicial documents is found." 763 F.3d at 239.  In any event, we require no findings in this case to understand that the District Court sealed its opinion to avoid disclosure of classified information.

We turn then to the three paragraphs of the District Court's opinion that Judge McMahon thought need not be withheld.  Those paragraphs briefly mention hypothetical situations that might raise issues of waiver of attorney-client privilege with respect to a non-compete clause in an employment contract.  In an unredacted order, she stated that the three paragraphs "contain not a whit of classified material (the Government does not suggest otherwise)" and would not "tend to reveal any classified material." SPA 176.

The Government contends that the three paragraphs at issue, although containing no classified information, can be understood

15

to imply a fact that should not be disclosed. That fact is the nationality of a person who has been considered as a possible target of a drone attack. However, the three paragraphs neither say nor imply anything about such a nationality. At most, the paragraphs, by considering various permutations of a law firm's advice concerning one or more different employment contracts, might be understood to imply that drone attacks have been considered for persons other than al-Awlaki, the subject of the OLC-DOD Memorandum. That fact, of course, is widely known, *see, e.g.,* W.J. Hennigan & David S. Cloud, "U.S. airstrikes in Somalia signal a more direct role against Shabab," Los Angeles Times, July 23, 2015 (reporting six drone strikes in one week, quoting U.S. military officials),[8] and has been publicly acknowledged by senior United States military personnel, *see, e.g.,* Lolita C. Baldor, "U.S. Drone Strike In Afghanistan Kills ISIS Recruiter Who Was Once Held In Guantanamo," Huffington Post (Feb. 10, 2015) (reporting statement of Pentagon spokesman Rear Admiral John Kirby).[9]

---

[8] Available at http://www.latimes.com/world/la-fg-us-airstrikes-somalia-20150723-story.html.

[9] Available at http://www.huffingtonpost.com/2015/02/10/drone-kills-guantanamo-de_n_6656530.html.

16

The flaw in the Government's argument is that a reader of the District Court's redacted opinion, with the three paragraphs restored, could not identify the name or nationality of the potential target. Indeed, the District Court's opinion redacts the entire discussion of the document that mentions that target's name, and that document remains undisclosed. To guard against even the remote possibility that a reader might conceivably infer the nationality of the potential target from the three paragraphs at issue, we will order redaction of the few words in the first of these paragraphs to which the Government, on classification review, has called to our attention. *See* Point IV, below.

We agree with the District Court that the three paragraphs need not be redacted, other than as ordered in Point IV, below, and that the remainder of the Court's opinion may remain sealed.

III. Disclosure of Redacted Portions of the June 23 Transcript

Because the Appellants have not seen the words that the Government has redacted from the transcript of the June 23 *ex parte* and *in camera* hearing, they obviously have had no opportunity to argue for disclosure of these redactions. And they have not seen the Government's *ex parte* and *in camera* letter of July 24 supporting those redactions. Our own ability to

17

explain our rulings with respect to the redactions is also handicapped, but for a different reason: if redacted words touch on matters entitled to remain secret, we can state a conclusion, but little, if anything, else.

Initially, we note some concern as to the need for the Government's *ex parte* and *in camera* oral argument.  When asked at the closed hearing why such argument was needed at this stage of the litigation but not at the earlier stage, the Government offered two different reasons.  First, the Government noted that many of the bases for withholding the documents at issue are classified or statutorily protected.  Then we were told the reason was that a large portion of the District Court's opinion was redacted.  Neither reason precluded the Government from fully presenting its arguments in briefs and affidavits, submitted *ex parte* and *in camera*, as it has done throughout this litigation. Any future request for *ex parte* and *in camera* oral argument will have to be persuasively supported, even if the request is unopposed, as it was in this case.

Nearly all of the redactions made by the Government in the June 23 transcript refer to the contents of Exhibit E.  Because we have upheld nondisclosure of that Exhibit in this opinion, we will uphold nondisclosure of those redactions.

18

One other redaction in the June 23 transcript has nothing to do with Exhibit E. In response to the panel's request for identification of those in attendance at the closed hearing, eight Government personnel named themselves and their affiliations; one provided only a name. The Government has redacted that name and the name and agency affiliation of one other person.

We have substantial reservations about the Government's decision to bring to a closed *ex parte* hearing personnel whose identity and affiliation it will not disclose to opposing counsel, who were excluded from the hearing. Of course, the Government is entitled to keep secret the name of any undercover operative, but there is no claim that the two people whose names have been redacted serve in such capacity, and it would be a rare case where such persons would need to attend an appellate argument. The Government's justification for nondisclosure of the two names is that they are CIA personnel, whose identities are protected by the Central Intelligence Act and Exemption (3) of FOIA, 5 U.S.C. § 552(b)(3).

Not having previously established ground rules concerning disclosure of the identities of those attending the closed hearing, we think it would be unfair to disclose the two names

19

that the Government has redacted. However, if the need for a closed *ex parte* hearing should arise in the future, the Government should either not bring personnel whose identities may not be disclosed, or present, prior to the hearing, a substantial justification for including such personnel.

IV. Government's Classification Review

After affording the Government an opportunity for classification review of our proposed opinion, we received, *ex parte* and *in camera*, requests for a correction of a misstatement, redactions from the opinion, and requests to redact some words from the three paragraphs on page 9 of the District Court's opinion that Judge McMahon stated should be disclosed.

With respect to our proposed opinion, we have corrected the misstatement and made all of the redactions requested by the Government, except those concerning the three paragraphs at issue on page 9 of the District Court's opinion. With respect to the requested redactions from the District Court's opinion, we rule as follows: in the third line of the first full paragraph on page 9 of that opinion, the eight words following the word "opine" will be redacted; in the 6th line of that paragraph, the six words following the word "lawyer" will be redacted; in the seventh line of that paragraph, "an" shall be changed to "a" and

20

the next two words will be redacted. With these redactions, the three paragraphs at issue may be disclosed. We recognize that these redactions render the resulting wording somewhat awkward. We leave it to Judge McMahon on remand, if she chooses, to make further redactions or some rephrasing of her language to smooth out the wording without restoring the words we have deleted.

The Government has requested that we either (1) submit our revised opinion for further classification review or (2) maintain our opinion under seal for 30 days to permit the Government an opportunity to seek further appellate review. We will pursue the second alternative and have instructed the Clerk accordingly.

## Conclusion

We conclude that all the OLC documents at issue shall remain undisclosed, except Exhibit K (the redacted version of Exhibit B), which the District Court has authorized to be disclosed; that the redacted portions of the District Court's opinion shall remain undisclosed, except for the three paragraphs on page 9, (as redacted pursuant to Part IV of this opinion), which the District Court wishes disclosed; and that the redactions from the transcript of the June 23 hearing may remain undisclosed.

We therefore affirm the judgment, authorize the District Court to disclose the three redacted paragraphs on page 9 of its opinion (as redacted pursuant to Part IV of this opinion), and

21

maintain undisclosed the redacted portions of the District Court's opinion and the June 23, 2015, transcript.

AFFIRMED and REMANDED.