15-2956-cv(L)
American Civil Liberties Union v. United States Department of Justice

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2016

Argued: October 25, 2016        Decided: December 20, 2016

Docket Nos. 15-2956(L), 15-3122(XAP)

- - - - - - - - - - - - - - - - - - - - - - - - -

AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL
LIBERTIES UNION FOUNDATION,

Plaintiffs-Appellants-Cross-Appellees,

v.

UNITED STATES DEPARTMENT OF JUSTICE, including
its component the Office of Legal Counsel, UNITED
STATES DEPARTMENT OF DEFENSE, including its
component U.S. Special Operations Command, CENTRAL
INTELLIGENCE AGENCY,

Defendants-Appellees-Cross-Appellants.

- - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, CABRANES, and POOLER, <u>Circuit Judges</u>.

Appeal and cross-appeal from the July 23, 2015, judgment of the District Court for the Southern District of New York (Colleen McMahon, now-Chief Judge) in a case brought under the Freedom of Information Act. The judgment granted in part and denied in part disclosure of documents sought from the Office of Legal Counsel of the Department

of Justice, the Central Intelligence Agency, and the Department of Defense concerning drone strikes.

Affirmed on the appeal, reversed on the cross-appeal, and remanded for entry of a revised judgment.

Brett Max Kaufman, New York, NY (Jameel Jaffer, Hina Shamsi, Matthew Spurlock, American Civil Liberties Union Foundation, New York, NY, Colin Wicker, Dorsey & Whitney LLP, Minneapolis, MN, on the brief), for Plaintiffs-Appellants-Cross-Appellees.

Sarah S. Normand, Asst. U.S. Atty., New York, NY (Preet Bharara, U.S. Atty., New York, NY, Benjamin C. Mizer, Principal Deputy Asst. Atty. General, Matthew M. Collette, Sharon Swingle, Civil Division, U.S. Dep't of Justice, Washington, DC, on the brief), for Defendants-Appellees-Cross-Appellants.

JON O. NEWMAN, <u>Circuit Judge</u>:

This is the third appellate round of a case brought under the Freedom of Information Act ("FOIA"). The case began in February 2012 to challenge responses to FOIA requests made in October 2011 to the Office of Legal Counsel ("OLC") of the Department of Justice ("DOJ"), the Central Intelligence Agency ("CIA"), and the Department of

Defense ("DOD"). The requests were made by the American Civil Liberties Union and the American Civil Liberties Foundation (collectively "ACLU"). The requests were also made by *The New York Times* and two of its reporters, but they are not parties in the pending appeal.

ACLU appeals and DOJ cross-appeals from the July 23, 2015, judgment of the District Court for the Southern District of New York (Colleen McMahon, now-Chief Judge). That judgment ruled that OLC, CIA, and DOD were entitled to withhold from disclosure a number of documents concerning drone strikes -- lethal attacks by unmanned aircraft. The judgment also ruled that OLC must disclose all or portions of four documents[1] and CIA must disclose all or portions of three documents[2] concerning such strikes. ACLU has narrowed its request to 59 documents,[3] including the seven documents ordered disclosed in full or in part. ACLU's appeal challenges the District Court's ruling to the extent it upheld nondisclosure of 52 documents, and the Government's

---

[1] OLC 46, 50, 144, and 145.
[2] CIA 59 tab C, 109, and 113.
[3] OLC 1, 2, 8, 9, 46, 50, 64, 65, 66, 70, 71, 73, 75, 76, 83, 84, 90, 91, 95, 144, and 145; CIA 2, 3, 12, 15, 33, 34, 35, 36, 45, 59 tab C, 61, 62, 78, 94, 95, 96, 105, 106, 107, 109, 110, 111, 112, 113, 117, 118, 119, 120, 123, 124, 140, and 142; DOD 1, 31, 38, 39, 46, and 55.

3

cross-appeal challenges the ruling to the extent it ordered disclosure, in whole or in part, of seven documents.

We conclude that none of the 52 withheld documents must be disclosed, and that the seven documents ordered disclosed may also be withheld. We therefore affirm on the appeal, reverse on the cross-appeal, and remand for entry of a revised judgment.

*Litigation history.* Our first encounter with this litigation concerned consolidated appeals from the January 24, 2013, judgment of the District Court, dismissing on motion for summary judgment two consolidated suits, one brought by *The New York Times* and two of its reporters and another brought by ACLU. *See New York Times Co. v. U.S. Dep't of Justice*, 915 F. Supp. 2d 508 (S.D.N.Y. 2013), *modified by* 2013 WL 238928 (S.D.N.Y. Jan. 22, 2013). On those consolidated appeals, we ordered disclosure of a redacted version of the "OLC-DOD Memorandum," a 41-page document, prepared by OLC, arguing the legal justification for the drone strikes that killed Anwar al-Awlaki, Samir Khan, and al-Awlaki's son, Abdulrahman al-Awlaki. *See New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 124 (Conclusion ¶ 1) (2d Cir. 2014) (revised opinion) ("*NYTimes*

4

*I"*). All three victims were United States citizens, either by birth or naturalization. Pertinent to the pending appeal, *NYTimes I* also ordered:

• OLC to disclose some of the titles and descriptions of documents listed on its *Vaughn* index,[4] *id.* (Conclusion ¶ 2);

• OLC to submit various legal memoranda to the District Court for "*in camera* inspection and determination of waiver of privileges and appropriate redaction," *id.* (Conclusion ¶3) (italics added); and

• CIA and DOD to submit *Vaughn* indices to the District Court for "*in camera* inspection and determination of appropriate disclosure and appropriate redaction," *id.* (Conclusion ¶ 5).

In response to the Government's petition for rehearing of *NYTimes I*, we made a slight revision of that opinion, made slight further redactions of the OLC-DOD Memorandum, and permitted the Government to withhold from disclosure

---

[4] A *Vaughn* index is a list of documents, identified by number, title, and description, that a Government agency determines are responsive to an FOIA request. The index states the one or more FOIA exemptions that the agency claims justify withholding each document. The term derives from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

the titles and descriptions of some documents listed on the OLC *Vaughn* index, confirming a withholding authorized by an order issued May 28, 2014. *See New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 97, 99 (2d Cir. 2014) (first opinion on Government's petition for rehearing of *NYTimes I*). We also bifurcated for later decision the Government's request for permission to withhold from disclosure additional titles and descriptions of documents listed on the OLC *Vaughn* index. *See id*. at 98-99.

Later, completing our ruling on the Government's petition for rehearing, we permitted the Government to withhold from disclosure the titles and descriptions of additional documents listed on the OLC *Vaughn* index and the titles of other documents listed on that index. *See New York Times Co. v. U.S. Dep't of Justice*, 758 F.3d 436, 441 (2d Cir. 2014) (second opinion on Government's petition for rehearing of *NYTimes I*). We also ordered DOJ to make public its previously classified OLC *Vaughn* index, as permissibly redacted. *See id*. With the Government's petition for rehearing completely adjudicated, the District Court was left with the task, as directed in *NYTimes I*, to consider *in camera* whether several undisclosed OLC documents, sought

6

in the original FOIA requests, should be disclosed. *See NYTimes I*, 756 F.3d at 124 (Conclusion ¶ 3).

On remand, the District Court ruled that ten of eleven OLC documents, identified in an affidavit of an OLC official, could be withheld from disclosure. *See* No. 1:11-cv-09336-CM, Dkt. No. 52 (Oct. 31, 2014). The District Court rejected the Government's request to redact three paragraphs from its opinion. *See id.*, Dkt. No. 51. The Court certified its rulings for immediate appeal under Rule 54(b) of the Federal Rules of Civil Procedure. *See id.* Dkt. No. 52.

Those rulings precipitated the second appellate round of this litigation. We ruled that the ten identified documents could be withheld. *See New York Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 690-91 (2d Cir. 2015) ("*NYTimes II*"). We also ruled that the District Court could make public, except for a few words, the three paragraphs of its opinion the Government had sought to keep undisclosed. *See id.* Finally, we upheld the Government's request to redact a small portion of the transcript of the Government's *ex parte* and *in camera* oral argument before this Court. *See id.*

*NYTimes II* left for the District Court the laborious task of examining the numerous OLC, CIA, and DOD documents that the Government claimed were exempt from disclosure. The Government had identified the OLC documents in its OLC *Vaughn* index, which was originally classified. *NYTimes I* ordered a redacted version of that index disclosed. 756 F.3d at 124 (Conclusion ¶ 2). The Government had identified the CIA and DOD documents in its classified CIA and DOD *Vaughn* indices. *NYTimes I* had ordered preparation of those indices and their consideration by the District Court *in camera* for determination of appropriate disclosure and redaction. *Id.* (Conclusion ¶ 5).

Undertaking this task, the District Court examined the documents listed on the OLC, CIA, and DOD *Vaughn* indices. In a sealed unredacted draft opinion filed on May 13, 2015, and superseded by a sealed unredacted final opinion filed on June 23, 2015,[5] the District Court required disclosure of redacted versions of three OLC documents, OLC 46, OLC 144,

---

[5] The District Court explained in its July 17, 2015, order concluding the litigation that the June 23, 2015, opinion "completely superseded" the Court's May 13, 2015, draft opinion. The July 17, 2015, order slightly amended the June 23, 2015, unredacted opinion and also reported that a redacted version of the June 23, 2015, opinion had been filed "yesterday," *i.e.*, July 16, 2015. SPA 162-64.

and OLC 145; the complete text of OLC 50;[6] the complete text of Tab C to CIA 59; and redacted versions of CIA 109 and CIA 113. *See ACLU v. U.S. Dep't of Justice*, No. 12 Civ. 794(CM), 2015 WL 4470192, at \*13-14, \*23, \*27, \*39, \*42-43, \*45 (S.D.N.Y. July 16, 2015) (redacted opinion).

In its redacted opinion, the District Court identified six facts, Nos. 1-5 and 7, that it ruled (with one slight qualification of No. 7 not material to this appeal) had been officially acknowledged. *See id.* \*4-5. The Court also identified a seventh fact (No. 6), *see id.* at \*5, for consideration by this Court as to whether it had been officially acknowledged, *see id.* at \*6. The District Court ruled that the six acknowledged facts must be disclosed "to the extent that these specific facts appear in documents on the Agencies' *Vaughn* Indices and can be segregated from other, properly exempt information." *Id.* at \*5. The Court

---

[6] Both the District Court's June 23, 2015, draft opinion and its July 16, 2015, revised opinion identified this OLC document as No. 50. *See* SPA 58, 59. However, the District Court's July 17, 2015, order, recapitulating its rulings, *see* SPA 164, and the judgment, *see* SPA 166, identified the document as No. 150. The Government's brief identified the document as No. 50. *See* Br. for Government at 60-62.

We are satisfied that 50 is the correct number and that 150 is a typographical error. This is clear from the description of the document in the District Court's draft and revised opinion and the fact that there is no OLC No. 150.

stated that disclosure of these six facts is "[a]pplicable to [a]ll [d]ocuments," *id.* at *2, but qualified that statement to make clear that the disclosure requirement does not apply to any document reviewed by the Court *in camera*, "because the [C]ourt took those facts into account when reviewing the document," *id.* at *15. With the exception of the seven documents ordered to be disclosed, the District Court ruled that all other requested documents need not be disclosed.

With respect to the six facts, the District Court ordered OLC, CIA, and DOD to make a "segregability review" of each document that the Court had not reviewed *in camera* and then represent either that the six facts had not been officially acknowledged, or, if so acknowledged, that the facts cannot reasonably be segregated from information exempt from disclosure. *See id.* at *6-7. The Government responded with classified declarations from OLC, CIA, and DOD, which contended that segregation of all six facts could not be made. **[CSA 492, 516, 544]** On July 16, 2015, the District Court issued an order agreeing with the

agencies' contention. *See* No. 1:12-cv-00794-CM, Dkt. No. 129 (July 16, 2015).[7]

Uncertain as to the status of three documents -- CIA 61, CIA 96, and DOD 1, this Court requested the Government to produce them *ex parte* for our *in camera* inspection. No. 15-2956, Dkt. No. 166 (2d Cir. Oct. 21, 2016). We have examined them.

The District Court's ruling that 52 documents should be withheld and that all or part of seven documents should be disclosed is now fully submitted for our review.

## Discussion

Although the history of this litigation is regrettably complicated, disposition of the pending appeal and cross-appeal is fairly straightforward. In general, continued withholding of documents challenged on ACLU's appeal and reversal of the District Court's disclosure rulings challenged on the Government's cross-appeal are warranted either because disclosure would reveal information that

---

[7] After an inquiry from this Court, *see* No. 15-2956, Dkt. 136 (2d Cir. Aug. 30, 2016), a response from the District Court, *see* No. 1:12-cv-00794-CM, Dkt. No. 142 (Oct. 20, 2016), and a further inquiry from this Court, *see* No. 15-2956, Dkt. No. 168 (2d Cir. Oct. 21, 2016), the District Court confirmed this conclusion, *see* No. 1:12-cv-00794-CM, Dkt. No. 144 (Oct. 21, 2016).

should remain secret or because the documents are predecisional drafts protected by FOIA Exemption 5. *See Brennan Center for Justice v. U.S. Dep't of Justice*, 697 F.3d 184, 206-07 (2d Cir. 2012); *Lahr v. National Transportation Safety Board*, 569 F.3d 964, 981-84 (9th Cir. 2009); *Abdelfattah v. U.S. Dep't of Homeland Security*, 488 F.3d 178, 183-84 (3d Cir. 2007).

*ACLU's appeal.* We appreciate the difficulty ACLU encounters in challenging the District Court's decision to withhold from disclosure 52 documents. ACLU has not seen either the documents or the redacted portions of the District Court's opinion explaining the Court's reasons.

Having carefully considered each of these documents, we conclude that each of the District Court's withholding decisions was correct. The documents are protected by one or more FOIA exemptions and no waiver of secrecy has occurred with respect to any of them. Our ruling does not turn on the issue of so-called "working law," an issue contested by ACLU.

*The seven facts.* At oral argument, it became clear that the issue as to the seven facts identified by the District Court in its July 16, 2015 opinion was whether the

Government was asserting the right to withhold any documents because these facts were contained in them. To assist in resolving that issue the District Court directed the relevant agencies to make a segregability review to determine if the six acknowledged facts could be segregated from protected portions of the documents in which they are contained. As explained above, the District Court ruled that the agencies' submissions persuasively showed that segregation could not be made. We agree with that ruling. No further consideration of these six facts is needed.

With regard to the seventh fact, which the District Court left for our consideration, we conclude that it is unnecessary for the resolution of this appeal to determine whether it has been officially acknowledged. The Government did not assert the right to withhold any of the documents at issue in this appeal on the ground that those documents contained the seventh fact. Accordingly, even if we were to conclude that the Government publicly acknowledged the seventh fact, we would not order disclosure of any document on that basis. No further consideration of the seventh fact is required.

*Government's cross-appeal.* The seven documents ordered disclosed by the District Court require individual consideration.

OLC 46: This document, ordered disclosed in redacted form, is an informal memo, attempting to summarize a meeting at which legal advice was discussed. Indicating the preliminary nature of the memo, the agency staff member who prepared it asked the recipients to correct anything that the writer had tried to summarize. The document is predecisional under Exemption 5 and therefore need not be disclosed.

OLC 50: This document is a draft of two paragraphs that the document preparer suggested might be included in the DOJ White Paper, the document, first leaked and then officially disclosed, which provided a brief legal justification for drone strikes. *See NYTimes I*, 756 F.3d at 110. Ultimately, the two paragraphs were not included in the White Paper. The District Court considered the two paragraphs similar to the legal advice contained in the White Paper and the OLC-DOD Memorandum, as to which privileges had been waived by disclosure. We acknowledge some similarities, but agree with the Government that the

14

document is demonstrably a draft. ACLU previously explained that it is not seeking "drafts in this litigation," and stated that "[i]f the Court determines that [the description of OLC 50 as a draft is] accurate, [then it] no longer seeks th[at] document." Reply Br. for ACLU at 17 n.11. Accordingly, because OLC is a draft protected by Exemption 5 as predecisional and no longer sought by ACLU, OLC 50 need not be disclosed.

OLC 144: This document, ordered disclosed in part, is a set of suggested talking points concerning the legal basis for drone strikes. We agree with the Government that the document is predecisional and need not be disclosed. Government officials do not lose the protection of Exemption 5 by considering informally how to present a legal analysis.

OLC 145: This is an internal outline of classified facts and some fragmentary discussion of legal advice, prepared in connection with the drafting of legal advice. Although the District Court properly redacted portions of the document, the remainder is also entitled to remain protected as predecisional under Exemption 5. The document need not be disclosed.

15

CIA 59 tab C: This is a draft of a proposed op-ed article that suggested some ways of explaining the Government's legal reasoning in support of drone strikes. It was never published. Although it reveals some of the unnamed writer's thinking about legal justification for drone strikes, it is a draft and for that reason predecisional. It need not be disclosed.

CIA 109 and CIA 113: These documents, which the District Court disclosed in part, are informal and preliminary. The second is unsigned and undated. Despite the redactions, some phrases entitled to secrecy remain. Although both appear to have been written after the action they comment on, they are nonetheless predecisional with respect to the formulation of a policy or a clear legal position. Neither document need be disclosed.

## Conclusion

Chief Judge McMahon ably performed the burdensome task of examining scores of documents in this protracted litigation, which now appears to be concluded. Despite our slight disagreement with her assessment of a few of these documents, we appreciate her diligence and the helpful explanations in her sealed opinion.

On ACLU's appeal, the judgment is affirmed; on the Government's cross-appeal, the judgment is reversed; the case is remanded for entry of a revised judgment.

17