17-157-cv
American Civil Liberties Union v. Department of Justice

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2017

Argued:  May 15, 2018                                    Decided: July 5, 2018

Docket No. 17-157

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMERICAN CIVIL LIBERTIES UNION, AMERICAN
CIVIL LIBERTIES UNION FOUNDATION,

            Plaintiffs-Appellees,

                        v.

DEPARTMENT OF JUSTICE, including its components
the Office of Legal Counsel and Office of Information
Policy, DEPARTMENT OF DEFENSE, DEPARTMENT
OF STATE, CENTRAL INTELLIGENCE AGENCY,

            Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN, CABRANES, and POOLER, Circuit Judges.

        Appeal from the November 16, 2016, judgment of the District Court for the

Southern District of New York (Colleen McMahon, Chief Judge), granting in part

and denying in part summary judgment motions by the Plaintiffs-Appellees and

the Defendants-Appellants in a Freedom of Information Act lawsuit seeking documents concerning drone strikes. The Defendants-Appellants seek to vacate a ruling that a certain fact has been officially acknowledged and to leave redacted from the District Court's public opinion the fact and related sentences.

We vacate the District Court ruling of official acknowledgement and remand with direction to leave redacted from the District Court's public opinion all redactions currently made in that opinion.

Sarah S. Normand, Asst. U.S. Atty., New York, NY (Joon H. Kim, Acting U.S. Atty., New York, NY, Chad A. Readler, Acting Asst. Atty. General, Matthew M. Collette, Sharon Swingle, Civil Division, U.S. Department of Justice, Washington, DC, on the brief), for Defendants-Appellants U.S. Department of Justice, U.S. Department of Defense, U.S. Department of State, and Central Intelligence Agency.

Hina Shamsi, American Civil Liberties Union Foundation, New York, NY (Brett Max Kaufman, Anna Diakun, American Civil Liberties Union Foundation, New York, NY, on the brief), for Plaintiffs-Appellees American Civil Liberties Union and American Civil Liberties Union Foundation.

JON O. NEWMAN, Circuit Judge:

This is the fourth and hopefully last appeal in protracted Freedom of Information Act ("FOIA") litigation, begun in 2011, seeking documents relating to lethal drone strikes. *See New York Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100 (2d Cir. 2014) ("*NYTimes I*"); *New York Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682 (2d Cir. 2015) ("*NYTimes II*"); *ACLU v. U.S. Dep't of Justice*, 844 F.3d 126 (2d Cir. 2016) ("*ACLU*")*.* In this appeal, as in the previous three appeals, no issue concerning the lawfulness of lethal drone strikes is presented.

The Government appeals from the November 16, 2016, judgment of the District Court for the Southern District of New York (Colleen McMahon, Chief Judge) granting in part and denying in part motions for summary judgment by both the Government and the Plaintiffs-Appellees American Civil Liberties Union and the American Civil Liberties Union Foundation (collectively "ACLU"). Unlike any previous FOIA appeal in this Court, and perhaps in any court, neither side is challenging the District Court's decisions either to disclose or withhold any documents. Instead, the Defendants-Appellants, the Department of Justice, including its components the Office of Legal Counsel and Office of Information Policy; the Department of Defense; the Department of State; and the Central Intelligence Agency (collectively "the Government"), are appealing for the sole

purpose of obtaining an order (1) requiring the District Court to vacate a ruling ("the official acknowledgement ruling") that a certain fact ("the fact at issue") has been officially acknowledged by the United States Government and (2) directing the District Court to permanently redact from its public opinion the official acknowledgement ruling and related sentences that the Government contends reveal the fact at issue. The District Court ruled that the fact at issue, which has been temporarily redacted from the Court's public opinion to preserve the Government's rights pending appeal, has been officially acknowledged and for that reason is no longer entitled to remain secret although previously classified.

We conclude that the District Court need not have decided whether the fact at issue has been officially acknowledged. We vacate the Court's official acknowledgement ruling and remand with directions to the District Court to leave redacted all passages currently redacted from the Court's public opinion.

## Background

The litigation comprises two lawsuits. The first lawsuit, filed in 2011 by the New York Times Co. and two of its reporters, concerned a 2010 FOIA request. This suit was consolidated with a similar suit filed by the ACLU. The second lawsuit, filed in 2015 by the ACLU, concerned a 2013 FOIA request. The first lawsuit

4

resulted in disclosure of what was known as "the OLC-DOD Memorandum," *see*

*NYTimes I*, 756 F.3d at 124, the Government's legal argument for permitting a

lethal drone strike that killed an American citizen, *see id*. at 124-51, App'x A.

*NYTimes II* and *ACLU* concerned other documents sought in the first lawsuit, most

of which were determined to have been properly withheld from disclosure. *See*

*NYTimes II*, 806 F.3d at 690; *ACLU*, 844 F.3d at 132-33.

Before ruling on disclosure of the numerous documents sought in the first

lawsuit, Chief Judge McMahon sensibly began by identifying seven facts

implicated by several of the documents at issue and determining whether those

facts had been officially acknowledged. *See ACLU*, 844 F.3d at 131. She concluded

that six facts had been officially acknowledged but could not be segregated from

other information entitled to be kept secret, *see id*. at 131, 132, and left it for this

Court to rule whether the seventh fact had been officially acknowledged, s*ee id*. at

131. We concluded that such a ruling by this Court was unnecessary because the

Government had not relied on the seventh fact as a basis for withholding any

documents. *See id*. at 132.

While *ACLU*, the third appeal generated by the first lawsuit, was pending,

the ACLU filed the second lawsuit, seeking additional documents relating to

drone strikes. After the ACLU narrowed the scope of that lawsuit to a request for 128 documents, the Government agreed to disclose portions of five documents, but withheld the entirety of all other documents. The District Court upheld the Government's nondisclosure of all documents withheld in full and, with respect to the five documents that the Government disclosed in part, upheld the Government's redactions in one document and ordered disclosure of portions of four other documents. The Government has complied with these limited disclosure requirements.

Before ruling on the document requests in the second lawsuit, Chief Judge McMahon considered several new facts that the ACLU contended had been officially acknowledged and ruled that some of these facts, including the fact at issue on this appeal, had been officially acknowledged. The District Judge provided a proposed opinion to the Government for classification review *ex parte* and filed that opinion under seal.

In an August 5, 2016, letter submitted *ex parte* and under seal, the Government responded by, in effect, rearguing that the fact at issue had not been officially acknowledged and urged redactions of the official acknowledgement ruling, the fact at issue, and related sentences alleged to reveal the fact at issue.

The Government's response included an affidavit from a senior United States official urging maintenance of the redactions at issue on this appeal. On August 8, 2016, the District Court reconfirmed its official acknowledgement ruling; declined to redact that ruling, the information at issue, and related sentences; made minor revisions to its proposed opinion, none of which is challenged on this appeal; and filed its opinion on the public docket with the redactions requested by the Government after classification review, including the redactions challenged on this appeal. The Court maintained these latter redactions to preserve the Government's appellate rights, plainly implying that if the official acknowledgement ruling was affirmed, that ruling, the fact at issue, and related sentences would be restored to the public opinion.

By stipulation entered September 13, 2016, all remaining claims were dismissed. Judgment was entered November 16, 2016. On January 18, 2017, the Government filed a notice of appeal from the judgment and "all interlocutory orders merged into that judgment." The ACLU did not file a cross-appeal. On April 21, 2017, the Government filed its initial redacted brief. On April 28, 2018, we granted the Government permission to file a sealed unredacted brief. That brief made clear that the Government sought review only of the District Court's official

acknowledgement ruling and the Court's indication that the ruling, the fact at issue, and related sentences, all of which were then redacted, would be restored to the Court's public opinion if the Government did not prevail on appeal.

On April 11, 2018, we invited letter briefs from the parties discussing the Government's entitlement to seek review of the official acknowledgement ruling in view of the facts that neither side was seeking review of the withholding or disclosure of any documents and that it did not appear that the withholding of any document depended on the correctness of that ruling. The ACLU and the Government responded on May 1, 2018, and the Government submitted a corrected redacted response on May 10, 2018.

After oral argument held in open court, this unusual, perhaps unprecedented, appeal is now ready for disposition.

## Discussion

I. Appellate Jurisdiction and Standing to Seek Review

Because the District Court entered a final judgment, we have appellate jurisdiction. *See* 28 U.S.C. § 1291. However, "[A] party may not appeal from a judgment or decree in [its] favor, for the purpose of obtaining a review of findings [it] deems erroneous which are not necessary to support the decree." *Electrical*

*Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939). Furthermore, the Supreme Court has observed that, like all appellate courts, it "'reviews judgments, not statements in opinions.'" *California v. Rooney*, 483 U.S. 307, 311 (1987) (quoting *Black v. Cutter Laboratories*, 351 U.S. 292, 297 (1956)). Here, the judgment appears to be in the Government's favor because it denied disclosure of almost all of the documents that the Government contended were exempt from FOIA disclosure, and the Government has not sought review of the rulings requiring disclosure of portions of some documents.

Nevertheless, the Government contends that it may seek review of the District Court's ruling that the fact at issue has been officially acknowledged. Whether it may do so is properly considered an issue of standing to seek review, *see Concerned Citizens of Cohocton Valley, Inc. v. New York State Dep't of Environmental Conservation*, 127 F.3d 201, 204 (2d Cir. 1997), an issue that turns in this case on whether the Government has been "aggrieved" by the District Court's judgment, *see id.*; *In re DES Litigation*, 7 F.3d 20, 25 (2d Cir. 1993) (One "exception to the rule prohibiting appeal by a prevailing party arises, in some circumstances, where a prevailing party can show that it is aggrieved by some aspect of the trial court's judgment or decree."). The Government contends that it is aggrieved by the

judgment because the disclosure of the fact at issue, resulting from the challenged official acknowledgement ruling, will injure significant interests of the United States. At least for purposes of the Government's standing to seek review, this claim of aggrievement is sufficiently supported by the affidavit of a senior United States official, to which we give substantial deference. *See ACLU v. Dep't of Justice*, 681 F.3d 61, 70 (2d Cir. 2012).

## II. The Merits

The Government contends that the official acknowledgement ruling should be vacated because the fact at issue has not been officially acknowledged and because the ruling was unnecessary to the Court's decisions on withholding or disclosing any documents sought in this litigation. We first consider the second contention.

Although it was entirely appropriate for the District Court, in advance of making rulings on withholding or disclosure of documents, to determine whether various facts had been officially acknowledged, it has become apparent, with the benefit of hindsight, that the official acknowledgement ruling challenged on appeal is no longer necessary. The ruling has no bearing on any of the District

Court's decisions to withhold or disclose any of the documents sought in this litigation.

The fact that it can now be determined that it was unnecessary for the District Court to make the official acknowledgement ruling makes it equally unnecessary for this Court to determine whether the ruling was correct. The fact that the ruling was unnecessary, however, is not a sufficient reason for granting the Government's request to vacate the ruling or to leave it redacted from the District Court's public opinion. Appellate courts would rarely have a sufficient reason for vacating a District Court's ruling that has no effect on any operative aspects of a judgment being appealed. Nevertheless, we are persuaded on this unusual appeal that the ruling should be vacated and that both the ruling and the already redacted related sentences should remain redacted from the District Court's public opinion.

First, it is reasonably debatable whether the official acknowledgement ruling is correct. Second, the affidavit of a senior United States official, submitted *ex parte* and under seal, provides a substantial basis for concluding that public disclosure of both the fact at issue and a ruling that the fact has been officially acknowledged would harm important security interests of the United States.

Third, a transcript of an interview with former Secretary of State John F. Kerry, which the ACLU interprets to reveal what it speculates is the fact at issue, is available to the public. That transcript is included in the public version of the joint appendix and in the Government's unredacted reply brief. Acceding to the Government's requests to vacate the official acknowledgement ruling and to leave it and related sentences redacted from the District Court's public opinion will therefore not deprive the public of the opportunity to make its own interpretation of the interview transcript. On balance, vacating and redacting the District Court's official acknowledgement ruling is of minimal significance compared to the risk of injury to important security interests of the United States in the event that the ruling is upheld and made public.

The ACLU, understandably handicapped by its inability to see the District Court's unredacted sealed opinion or the Government's unredacted sealed briefs, nevertheless contends that the official acknowledgement ruling was not only correct but should be ruled to be correct and publicly disclosed. The ACLU contends that the ruling "implicates two documents containing the officially acknowledged fact." Brief for Appellees at 35. The ACLU further contends that it learned of the possible significance of these two documents only after the

Government filed its initial brief on this appeal. That brief stated that the District Court "identified only two records that potentially implicated information concerning [redacted information]." Brief for Appellants at 2. The ACLU surmises that this redaction states the fact at issue. The ACLU further contends that notice of these two documents at an earlier stage "may have affected the ACLU's decision regarding whether to appeal." Brief for Appellees at 36.

Whether or not the two documents contained the fact at issue, these documents were withheld on grounds on which the District Court relied in withholding numerous other documents – that any officially acknowledged information could not be reasonably segregated from information entitled to be withheld or that disclosure of the documents would reveal intelligence sources and methods. The ACLU declined to appeal from the District Court's withholding of numerous other documents withheld on each of the grounds relied on by the District Court for the withholding of these two documents, and the official acknowledgement ruling did not result in the withholding of them. No appellate rights were impaired by the Government's oblique reference to these two documents.

## Conclusion

The official acknowledgement ruling is VACATED, and the case is REMANDED with direction to leave redacted from the District Court's public opinion all redactions currently made in that opinion.